

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDRA WILLIAMS,

                Plaintiff,

    -against-

PROGRESSIVE FINANCE HOLDINGS, LLC,

                Defendant(s).
----------------------------------------------------------X

Civil Action No.:

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff, SANDRA WILLIAMS ("Plaintiff"), by and through her attorneys, The Law Office of Alan J. Sasson, P.C., as and for her Complaint against the Defendant PROGRESSIVE FINANCE HOLDINGS, LLC (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff SANDRA WILLIAMS is a resident of the State of New York, residing at 10 West 158th Street, New York, New York 10087.

3.    Defendant PROGRESSIVE FINANCE HOLDINGS, LLC is a Utah limited liability corporation with an address at 11629 S. 700 East, Draper, Utah 84020.

4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5.    Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received the same automated telephone message from Defendant within the past year, which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received the automated telephone message from Defendant, which violates various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received the automated

telephone message from Defendant, which violates various provisions of the FDCPA.

11. The automated telephone message from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from the

Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on April 24, 2014 when Defendant left a voice message on Plaintiff's telephone number of 917 358 3841.

24. Defendant's message was from a female representative whose message was pre-recorded and which recording paused for a second recorded female voice to state Plaintiff's name and the name of a creditor, i.e., "This is Progressive calling to speak with [second recorded voice inserting Plaintiff's name] regarding your purchase through [second recorded voice inserting name of creditor]. This is an attempt to collect a debt, however important changes are taking place on your account and it is crucial that you contact is immediately. We can be reached at 385 351 1351."

25. The recorded greeting at the aforementioned number (i.e., "This is the Williams family, please leave us a message and we'll return your call as soon as possible, thanks") explicitly indicates that the telephone is in use by multiple people.

26. Plaintiff's cousin, Kevin Coleman, who resides with Plaintiff, overheard Defendant's message, thereby learning that Defendant was seeking the Plaintiff and attempting to collect a debt from her.

## CAUSE OF ACTION
*(Violations of the FDCPA)*

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 USC §1692c(b) prohibits a debt collector from disclosing to a third party

without permission from the consumer that the consumer is being contacted to collect a debt.

29. The Defendant violated 15 USC §1692c(b) on April 24, 2014 by communicating to the Plaintiff's cousin, Kenneth Coleman, that the Plaintiff was being contacted for debt collection.

30. Pursuant to 15 USC §1692d (6), a debt collector may not place telephone calls without meaningful disclosure of the caller's identity.

31. Defendant's employee/representative referred to the caller as "Progressive," thus failing to disclose Defendant's proper and accurate company name in her voice message left for Plaintiff on April 24, 2014, in violation of 15 USC §1692d (6).

32. 15 USC §1692 e – preface and e (10) prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt or to obtain information concerning a consumer.

33. Defendant violated 15 USC §1692 e – preface and e (10) by instructing, training and/or sanctioning employees to pre-record messages to be left on voice mails of consumers which messages fail to provide Defendant's accurate name and which make deceptive and misleading assertions. As exemplified by message left by Defendant for Plaintiff on April 24, 2014, Defendant's employee stated: "This is an attempt to collect a debt, however, important changes are taking place on your account and it is crucial that you contact is immediately." Defendant, by stating, "however" after saying that they are calling to collect a debt, and insisting that "important changes are taking place on your account" and that it is "crucial" that the consumer call immediately,

is distinguishing the matter from typical debt collection, a false claim. Defendant uses such language to deceive the consumer into believing that some special unknown change of status has occurred with regard to a debt and whatever it is, it implies serious consequences to the consumer so that it is of the utmost urgency that the consumer call Defendant. Defendant's intention in failing to state their company's name and in implying the critical nature of the call is clearly to compel the consumer into contacting Defendant to obtain more information so that Defendant can pursue further debt collection activities.

34. 15 USC §1692e(11) requires a debt collector to provide the required disclosures that they are debt collectors attempting to collect a debt and that any information obtained will be used to that purpose in every communication with a consumer.

35. The Defendant violated 15 USC §1692e (11) by failing to provide the required disclosures stating unequivocally that they are debt collectors and that any information obtained would be used for the purpose of debt collection in the voice mail message left for the Plaintiff on April 24, 2014.

36. 15 USC §1692 e (14) prohibits a debt collector from the use of any business, company or organization name other than the true name of the debt collector's business, company or organization.

37. Defendant is registered with the Office of the Secretary of State of Utah under the name in the instant Complaint and yet Defendant's pre-recorded employee informs Plaintiff and consumers only that "This is Progressive calling." Defendant's efforts to conceal its identity in this manner violates 15 USC §1692 e (14).

38. 15 USC §1692 f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

39. The Defendant violated 15 USC §1692 f - preface by calling consumers such as Plaintiff and leaving voice messages which unfairly, misleadingly and deceptively identify a different name for Defendant's company, confusing consumers such as Plaintiff and denying them their rights to proper information. Further, Defendant unfairly and unconscionably attempts to distress and alarm consumers by erroneously claiming that "important changes" are being made to their account which changes make it "crucial" that the consumer call Defendant "immediately," a deliberate ploy to compel consumers to make contact with Defendant and be subjected to further debt collection pursuits.

40. As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 USC

        §1692k(2)(A);

C.     For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.     A declaration that the Defendant's practices violated the FDCPA;

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
July 16, 2014

        Respectfully submitted,

        By: _____
        Yitzchak Zelman, Esq. (YZ5857)
        LAW OFFICE OF ALAN J. SASSON, P.C.
        1669 East 12th Street, 2nd Floor
        Brooklyn, New York 11229
        Phone:   (718) 339-0856
        Facsimile: (347) 244-7178

To:     Progressive Finance Holdings, LLC
11629 S. 700 East
Draper, Utah 84020

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern District of New York

*(For Filing Purposes)*